Hendrickson v. Fries.

---

RANDALL HENDRICKSON, PLAINTIFF IN ERROR, v. GEORGE FRIES ET AL., DEFENDANTS IN ERROR.

The statute which declares that every warrant of attorney for confessing judgment which shall be included in any bond, bill or other instrument for the payment of money, shall be void, (*Rev., p. 81,*) is a mere regulation of the practice in our own courts, and does not prohibit the making, in this state, of such warrants of attorney for use in other states in the form that is legal in their courts.

---

On error to Gloucester Circuit.

For the plaintiff in error, *C. G. Garrison.*

This is an action of debt on a foreign judgment.

The declaration alleges that a judgment was recovered by the plaintiffs below against the defendant below in Court of Common Pleas No. 4, in the city of Philadelphia. The defendant pleaded *nul tiel* record and three special pleas in bar; plaintiffs filed replications to each plea, denying in substance the facts alleged in each.

The plaintiffs below noticed the case and proceeded to trial upon the issues raised by these pleas and replications.

At the trial the plaintiffs below produced an exemplification of the record of the Pennsylvania court and rested.

The defendant below called Thomas Norcross, the witness to the note, and Randal Hendrickson, the defendant below, and offered to prove by the former that the note was made in New Jersey, and by the latter, that the note and the alleged power of attorney were made in this state; that the note contained the power of attorney in the body of it; that the note was signed and delivered in this state; that it was made pay-

able in this state; that payment was actually demanded in this state, and that the defendant had not authorized the attorney to confess the judgment for him. The court overruled all these offers upon the ground of their immateriality, as the record must speak for itself.

Error is assigned upon these refusals of the court to admit evidence directly relevant to the issue of fact, joined by the plaintiffs' replications to the matters of defence alleged in the plea in bar.

Plaintiffs noticed the cause for trial. *Snyder et al.* v. *Croy*, *2 Johns.* 428; *Patcher* v. *Sprague*, 2 *Johns.* 462; *Briggs* v. *Dorr*, 19 *Johns.* 95.

Nor is there any duplicity of issue, the facts all tending to a common point, as in *Harker* v. *Brink*, 4 *Zab.* 345.

The substantial issue of fact was whether the contract, which was the basis of the judgment, was made in New Jersey, to be there performed, or in Pennsylvania, to be performed in that state.

The rejected evidence was lawful testimony, clearly relevant to the issue.

A judge at Circuit cannot exclude lawful evidence offered in support of any allegation or averment put in issue by the pleadings on which the parties have gone to trial.

This is elemental, and is involved in every notion and definition of the trial of an issue.

The Supreme Court of this state in the case of *Potts* v. *Clarke*, *Spenc.* 536, has passed upon this precise question. Hornblower, C. J., delivering the opinion of the court, said:

" The defendant, at the trial of a cause at the Circuit, cannot object to, nor can the judge rule out, any lawful evidence offered in support of any allegation or averment in pleading, upon which the parties have taken issue and put themselves upon the country. Such a practice would be equivalent to putting in a parol demurrer at the trial of the cause. Is a judge at the Circuit to decide how much of a declaration or plea is good or bad, after issue has been joined upon it, and

the cause on trial? If that is so, then there is no longer any use of filing and discussing demurrers at the bar of this court, before the cause is sent down for trial. The whole matter of pleading may as well be left to be decided at the Circuit; and the judge, instead of trying the issue, may decide that the declaration contains no cause of action, or the plea no matter of defence, and rule out all the evidence. But this is not the law. The judge, in that case, as in the one now before us, could not reject any lawful evidence offered in support of the issue joined between the parties."

*Aldrich* v. *Kinney*, 4 *Conn.* 380, is precisely in point. The declaration, as in this case, was on a foreign judgment and the issue turned on the authority of defendant's attorney. "On the trial of the cause before Peters, J., the plaintiff adduced in evidence the record of the judgment from the State of Rhode Island. The defendant offered evidence to show that the attorney of record was not authorized to prove the truth of the other facts contained in the plea in bar. To the admission of this evidence the plaintiff objected and the judge rejected it, on the ground that the judgment was conclusive; he then directed the jury to find a verdict for the plaintiff."

On all fours with this case.

The opinion of the court was delivered by Hosmer, C. J., who said in conclusion, page 387: "I am unhesitatingly of opinion that the testimony offered by the defendant in this cause should have been received."

"The other judges were of the same opinion; new trial granted."

The evidence in the case before us being directly pertinent to the issue of fact, should not have been rejected.

II. If the action of the court be predicated on a supposed demurrer to evidence, the error is equally patent.

A demurrer to evidence admits every fact offered and every conclusion which the jury would have been warranted in drawing from the evidence. *Steinbach* v. *Columbia Ins. Co.*, 2 *Cai. Cas.* 133; *Smith* v. *Steinbach*, 2 *Cai. Cas.* 158; *Patrick* v. *Hallett*, 1 *Johns.* 241; *Patrick* v. *Ludlow*, 3 *Johns.*

*Ch.* 10; *Forbes* v. *Clunch*, 3 *Johns. Ch.* 159; *People* v. *Roe*, 1 *Hill* 470; *Kelly* v. *Dutch Church*, 2 *Hill* 105; *Den, State* v. *Helmes*, 2 *Penn.* 1050, 1054; *Fanshaw* v. *Cocksedge*, 3 *Bro. P. C.* 690; 1 *Doug.* 119.

The pleas are good on demurrer. *Price* ads. *Ward*, 1 *Dutcher* 425; *Moulin* v. *Ins. Co.*, 4 *Zab.* 222; *Mackay* ads. *Gordon*, 5 *Vroom* 289; *Wood* v. *Watkinson*, 17 *Conn.* 505.

Where, in an action on a foreign judgment, the record shows that the defendant appeared by attorney, the authority of such attorney may be drawn in question by pleading and disproved by evidence. *Price* ads. *Ward*, 1 *Dutcher* 225; *McKelway* ads. *Jones*, 2 *Harr.* 346; *Hess* v. *Cole*, 3 *Zab.* 116; *Gifford* v. *Thorn*, 1 *Stockt.* 703, 723; Bradley, J., in *Thompson* v. *Whitman*, 18 *Wall.* 457; *Shumway* v. *Stillman*, 6 *Wend.* 453; *Aldrich* v. *Kinney*, 4 *Conn.* 380; *Wood* v. *Watkinson*, 17 *Conn.* 505; *Robson* v. *Eaton*, 1 *T. R.* 62; *Hall* v. *Lanning*, 91 *U. S.* 106.

In the case in hand the record shows that the judgment was confessed by an attorney; the sole ground of the foreign jurisdiction is the authority of this attorney to so act. If, as pleaded, the note, which contains the power of attorney in the body of it, was made in New Jersey, to be kept and per-, formed in New Jersey (so pleaded and offered, and held admitted by demurrer to evidence,) then no authority to confess a judgment was created thereby, and the court, whose jurisdiction depended on this alone, had no jurisdiction over the person of the defendant.

The *lex loci contractus* is that of the place where the contract was made or the note delivered. *Freese* v. *Brownell*, 6 *Vroom* 285; *Campbell* v. *Nicholls*, 4 *Vroom* 81; 2 *Parsons on Notes and Bills* 327; *Healy* v. *Gorman*, 3 *J. S. Green* 328; *Butler* v. *Meyer*, 17 *Ind.* 77.

Where no place of payment is expressly stipulated in the note itself, it will be held to be at the residence of the maker. 2 *Story on Bills*, § 131; *Story on Conflict of Laws* 314; *Story on Promissory Notes*, § 49; *Freese* v. *Brownell*, 6 *Vroom* 287; *Campbell* v. *Nichols*, 4 *Vroom* 83; *Atwater* v. *Walker*, 1 *C. E.*

*Green* 42; *Potter* v. *Brown,* 5 *East* 124; *Power* v. *Lynch,* 3 *Mass.* 77; *Daniel on Neg. Inst.* 79.

Personal obligations, so far as their validity, effect and interpretation are concerned, are governed by the *lex loci contractus. Atwater* v. *Walker,* 1 *C. E. Green* 42; *Armour* v. *McMichael,* 7 *Vroom* 94; *Davis* v. *Headley,* 7 *C. E. Green* 125 .

Personal obligations arise at the time of delivery by the *lex loci,* or not at all. *Story on Conflict of Laws,* § 509; *Melan* v. *Fitz James,* 1 *B. & P.* 138; *Wood* v. *Watkinson,* 17 *Conn.* 505; *Dacosta* v. *Davis,* 4 *Zab.* 327.

A contract void where made is void everywhere, and a contract void in its essence, by the law of the place where made, will be held void elsewhere, even though, by the laws of the place where performance was intended, it would be valid. 2 *Parsons on Cont.* 570; 1 *Daniel on Neg. Inst.* 721; *Story on Conflict of Laws* 256, *note E, and* 262; *Dacosta* v. *Davis,* 4 *Zab.* 319; *McAllister* v. *Smith,* 17 *Ill.* 328.

*Contra* as to rate of interest or mere incidentals.

A contract void by the law of the place where made, will be held void in Illinois, although had the same contract been made in Illinois it would be held valid. *McAllister* v. *Smith,* 17 *Ill.* 328. See *Titus* v. *Scaulling,* 4 *Blackf.* (*Ind.*) 89; 1 *Grant Cas.* 1.

The power of attorney being in the body of the note, was void by the *lex loci contractus.* The statute of 1799, (*Practice of Law,* § 13,) enacts, "That every warrant of attorney for confessing judgment, which shall be included in the body of any bond, bill or other instrument for the payment of money, shall be void and of none effect; and such bond, bill or other instrument shall have the same force and no other as if the said warrant of attorney had not been incorporated therein."

"Upon questions of public policy, &c., depending upon our own legislation, the courts of this state alone are competent to determine." *Union Locomotive and Express Co.* v. *Erie Railway Co.,* 8 *Vroom* 25. See, also, *Harker* v. *Brinck,* 4 *Zab.* 338–346.

The effect of this positive law of the place was to eliminate the words authorizing the confessing of judgment from the note, so that, in contemplation of law, it was delivered without such words being incorporated in it. This being so, the attorney who attempted to confess the judgment without suit, had no lawful authority and the court no jurisdiction.

For the defendants in error, *D. J. Pancoast.*

I. A judgment by confession, valid in the state where entered, is valid elsewhere, (*Freeman on Judgments* (3d ed.), § 557,) and is supported by the same presumptions as if entered in action. *Id.*

II. A judgment in another state, duly certified according to the act of congress, is presumed to be good, according to the law of the state where it was rendered.

Chief Justice Ewing, in *Gluck* v. *Loder,* 1 *Green* 70, said : " A judgment of a court of record in another state of our Federal Union is not to be regarded here as what is technically called, in common law language, a foreign judgment, the mere *prima facie* evidence of a debt. It has such faith and credit here as in the state where it may have been rendered, and is here, as there, deemed conclusive evidence of debt."

In *Mills* v. *Duryee,* 7 *Cranch* 485, the Supreme Court of the United States said they " could perceive no rational interpretation of the act of congress, unless it declares a judgment conclusive when a court of the particular state where it is rendered would pronounce the same decision."

In *Hampton* v. *McConnel,* 3 *Wheat.* 235, Chief Justice Marshall, referring to the above case, said : " The doctrine there held was that the judgment of a state court should have the same credit and effect in every other court in the United States which it had in the state where it was pronounced, and that whatever pleas would be good in a suit thereon in such state, and none other, could be pleaded in any other court in the United States."

III. The judgment of the Court of Common Pleas No. 4,

for the county of Philadelphia, in the State of Pennsylvania, was rightfully rendered, according to the laws of that state, as appears by the record.

And, as a matter of law outside of the record, it is a judgment that cannot be overthrown there.

It is founded upon a note and warrant of attorney, made with reference to and according to the laws of that state, and is governed by its laws, and not ours.

In *Varick's Ex'rs* v. *Crane*, 3 *Green's Ch.* 133, it is held that the presumption of law is that a contract was made at the place where the person lives who is to receive the money, or where the contract is to be performed. And in *Healy* v. *Gorman*, 3 *Green* 328, it was held that a note dated in one state, payable in another, draws interest according to the rate fixed by the latter state.

And in *Andrews* v. *Pond*, 13 *Pet.* 77, 78, the court said : " The general principle in relation to contracts made in one place to be performed in another, is well settled. They are to be governed by the law of the place of performance."

This doctrine is sanctioned by *Story on Conflict of Laws*, (*6th ed.*), § 280.

And this same high authority goes further to state, " if a contract is unlawful where it is made, but lawful elsewhere, it will be construed as intended by the parties to have been made with reference to the law of the place where it will be legal, since no contract is to be held to have been intended to have been made in violation of the law, so long as there is any reasonable sense or construction in which it can be made consistent with the law, and which it was competent for the parties to adopt." *Story on Conflict of Laws*, (*6th ed.*), § 305.

IV. But if the judgment of the court of Pennsylvania is ever so bad in matters of law, the defendant appeared and submitted himself to its jurisdiction, and had an opportunity to make any defence to it, and this is a conclusive bar to his right to do so here.

It is only when a defendant has never been in court and

never had an opportunity to make his defence, that he can question the judgment of another state collaterally. This doctrine is founded upon plain reason, and is expressly stated in *Whalen* v. *Thatcher*, 6 *Wheat.* 130.

The necessary conclusion resulting from the foregoing well-settled principles of law is, that the defendant offered no legal defence to the action founded on the foreign judgment, and the court was right in so ruling.

The opinion of the court was delivered by

DEPUE, J. This suit was brought against Randall Hendrickson and Franklin C. Hendrickson, on a judgment recovered by the plaintiff against them in the Court of Common Pleas in and for the county of Philadelphia, in the State of Pennsylvania. This judgment was entered by confession, upon a sealed bill executed by the defendants, dated at Philadelphia, and payable to the plaintiffs or order, generally, and containing in it a warrant of attorney, authorizing any attorney of any court of record of Pennsylvania or elsewhere, to appear for and enter judgment against them for the sum named in the bill, with release of errors, &c.

Randall Hendrickson, who alone appeared in this suit, pleaded *non summons, non appearance*, in person or by authorized attorney; and that the attorney who appeared and confessed the judgment was not lawfully authorized so to do. The plaintiff replied that the said judgment was entered by confession under and by virtue of a power of attorney made by the defendants, setting out the bill and warrant of attorney contained in it.

The judge at the Circuit admitted evidence that the defendant was not summoned, and did not personally appear in the Pennsylvania suit. He overruled the defendant's offer to show that the sealed bill was, in fact, executed and delivered in this state, and that payment of it was demanded here, on the ground that such evidence was immaterial. Upon this ruling the defendant sued out this writ of error.

By a statute of this state it is enacted that "every warrant

of attorney for confessing judgment which shall be included in the body of any bond, bill or other instrument for the payment of money, shall be void and of no effect; and such bond, bill or other instrument shall have the same force, and no other, as if the said warrant of attorney had not been incorporated therein." *Rev.*, *p.* 81, § 1. If this judgment had been entered in any court of this state, it would have been irregular.

The contention of the plaintiff in error is that this statute applies to all warrants of attorney that are, in fact, executed and delivered in this state, and that, therefore, the judgment of the Pennsylvania court is a nullity—the defendant having not been summoned nor appearing personally or by a lawfully authorized attorney in that suit.

The statutory provision in question was passed in 1799, as section 13 of an act entitled "An act to regulate the practice of the courts of law." *Rev. L.*, *p.* 415. It was continued in the Practice act in the Revision of 1846. *Rev. Stat.*, *p.* 931. In the Revision of 1874 it was transferred to and reenacted as section 1 of an act entitled "An act directing the mode of entering judgments on bonds with warrants of attorney to confess judgments." *Rev.*, *p.* 81.

Under the provision of our constitution, the title of a statute is not only an indication of the legislative intent, but is also a limitation upon the enacting part of the law. It can have no effect with respect to any object that is not expressed in the title. *Const.*, *art. IV.*, § 7, ¶ 4; *Rader* v. *Township of Union*, 10 *Vroom* 509; *Evernham* v. *Hulit*, *ante* p. 53; *People* v. *Briggs*, 50 *N. Y.* 553.

Applying this canon of construction, I think it is clear that this statute must be construed to be a mere regulation of the practice in our own courts. The legislature did not intend to prohibit the making in this state of warrants of attorney for use in other states, which are in the form that is legal in their courts; for it placed the prohibition on this form of warrants of attorney in an act purporting, by its title, to regulate the

mode of entering judgments which cannot have any extra-territorial force.

The judge properly treated the evidence excluded as immaterial, and the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, SCUDDER, CLEMENT, COLE, GREEN, KIRK, PATERSON.   11.

*For reversal*—MAGIE, REED, VAN SYCKEL.   3.